LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:     (818) 347-3333
Facsimile:     (818) 347-4118

Attorneys for Plaintiff ASMA MOJADDIDI

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASMA MOJADDIDI, individually and as successor in interest to FAISAL MOJADDIDI, deceased,<br><br>                    Plaintiff,<br><br>          vs.<br><br>COUNTY OF SACRAMENTO; and DOES 1-10, inclusive,<br><br>                    Defendantss | Case No. 2:25−CV−03641−DAD−JDP<br><br>**JOINT STATUS REPORT**<br><br>Status Conference:   April 27, 2026<br>Time:                       1:30 p.m.<br>Courtroom:            4 |

Pursuant to this Court's Order Setting Status (Pretrial Scheduling) Conference (Dkt. No. 4) requiring a Joint Status Report and the provisions of Rule 16 of the Federal Rules of Civil Procedure and Local Rule 240(b), the parties hereby submit the following Joint Status Report.

## I.   NATURE OF THE CASE

This is a 42 U.S.C. § 1983 civil rights case arising from the December 30, 2024 officer-involved shooting death of Faisal Mojaddidi ("Decedent"). The Plaintiff, Asma Mojaddidi, is Decedent's mother and brings the following federal and related state law claims individually and as successor in interest to Decedent:

1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
2. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)
3. Municipal Liability—Ratification (42 U.S.C. § 1983)
4. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
5. Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983)
6. Battery (Wrongful Death/Survival)
7. Negligence (Wrongful Death/Survival)
8. Negligent Infliction of Emotional Distress
9. Bane Act (Cal. Civil Code § 52.1)

Plaintiff seeks to recover compensatory damages, survival damages, and wrongful death damages from all defendants and punitive damages from defendants sued in their individual capacity, as well as attorney fees and costs arising from this litigation.

Defendant County of Sacramento denies Plaintiff's allegations and asserts numerous affirmative defenses.

## II.   STATUS OF SERVICE OF PROCESS

The Complaint has been served on all named defendants.

## III.   JOINDER OF ADDITIONAL PARTIES

Plaintiff anticipates seeking leave to amend the Complaint to name the individual County of Sacramento Sheriff's deputies involved in the incident once the individual deputies' identities are obtained during the course of discovery.

Defendant does not preemptively agree to the joinder of additional parties.

**IV.     AMENDMENT OF PLEADINGS**

Plaintiff anticipates seeking leave to amend the Complaint to name the individual County of Sacramento Sheriff's deputies involved in the incident once the individual deputies' identities are obtained during the course of discovery. Plaintiff further reserves the right to further amend the operative complaint should the need arise from information obtained during the course of discovery.

Defendant do not stipulate to the filing of any other amended complaint at this time.

**V.     STATUTORY BASIS FOR JURISDICTION AND VENUE**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**VI.     DISCOVERY**

The parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a)(1). The parties will exchange initial disclosures on **May 22, 2026**.

Plaintiff anticipates on taking the deposition upon oral examination of the involved deputies, any additional deputies or officers who responded to the scene after the shooting, the deputies' supervisors, medical personnel, percipient witnesses, and Defendant's expert witnesses. The deputies, supervisors, medical personnel, and percipient witnesses have not yet been identified.

Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability for unreasonable detention and arrest, excessive and unreasonable force, and related state law claims.

Defendant anticipates taking Plaintiff's deposition. Defendant further anticipates serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability and damages.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. The parties agree that documents maintained in electronic format may be produced in hard copy format.

The parties do not propose any changes to the limitations on discovery imposed under the Civil Rules at this time. The parties reserve the right to request changes to any limitations should the need arise.

The parties propose that discovery be conducted in two phases: fact discovery and expert discovery. The parties propose a fact-discovery cut-off date of **April 30, 2027**. The parties propose an initial disclosure of experts and information pursuant to Rule 16(a)(2) date of **May 28, 2027,** and a disclosure of rebuttal experts and related information date of **June 25, 2027**. The parties propose an expert discovery cut-off date of **July 30, 2027**.

## VII.   ANTICIPATED MOTIONS

Plaintiff anticipates the filing a Motion to Amend the Complaint to name the individual deputies involved should the parties be unable to reach a stipulation on the issue. Plaintiff further reserves the right to file any additional motions should the need arise.

Defendant anticipates filing a dispositive motion and any necessary discovery motions.

The parties propose a deadline of **November 2, 2027** by which all non-discovery motions shall be heard.

## VIII.   SPECIAL PROCEDURES

The parties do not believe this matter is appropriate for special procedures. Plaintiff declines consent to try the matter before the assigned magistrate judge.

## IX.   TRIAL

All parties have demanded a trial by jury. The parties estimate 5-7 court days for trial. The parties propose a Final Pretrial Conference date of **February 7, 2028,** and a trial date of **March 7, 2028**.

**X.      MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

The parties do not propose any modification to standard pretrial procedures.

**XI.     RELATED CASES**

There are no related cases.

**XII.    SETTLEMENT**

Plaintiff consents to participation in the Voluntary Dispute Resolution Program ("VDRP"), including participating in a settlement conference with a magistrate judge. Plaintiff further consents to the assigned trial judge acting as a settlement judge.

While Defendant is amenable to the possibility of settlement discussions, the factual record in this case requires further development. Defendant respectfully declines to have Judge Drozd act as the settlement judge in this case.

The parties are unable to provide insight on optimal timing and method for settlement discussions at this time as further discovery is needed before the parties are able to evaluate the optimal timing and procedures for settlement.

**XIII.   PROPOSED CASE MANAGEMENT DATES**

Consistent with the above, the parties propose the following case management dates for future proceedings:

| Case Management Event | Proposed Date/Deadline |
|---|---|
| Fact Discovery Cut-Off | April 30, 2027 |
| Expert Disclosures | May 28, 2027 |
| Rebuttal Expert Disclosures | June 25, 2027 |
| Expert Discovery Cut-Off | July 30, 2027 |
| Last Day to Hear Dispositive Motions | November 2, 2027 |
| Final Pretrial Conference | February 7, 2028 |
| Trial | March 7, 2028 |

//

//

Respectfully submitted,

DATED: April 13, 2026                    LAW OFFICES OF DALE K. GALIPO


                                         By_____/s/ Hang D. Le_____
                                             Dale K. Galipo
                                             Hang D. Le
                                             Attorneys for Plaintiff ASMA MOJADDIDI


DATED:  April 13. 2026                   LONGYEAR, LAVRA & CAHILL, LLP


                                         By___/s/ Alexander Mahoney (as auth. 4/13/2026)___
                                             VAN LONGYEAR
                                             NICOLE M. CAHILL
                                             ALEXANDER MAHONEY
                                             Attorneys for Defendant,
                                             County of Sacramento